1  DAVID F. FAUSTMAN, State Bar No. 081862
   KAREN STEPHENSON, State Bar No. 205664
2  GROTTA, GLASSMAN & HOFFMAN, P.C.
   388 Market Street, Suite 500
3  San Francisco, CA 94111
   Telephone: (415) 296-3885
4  Facsimile: (415) 296-3886

5  Attorneys for Defendant
   FRANCES MURILLO dba MURILLO'S MEXICAN FOOD
6  (erroneously sued and served as Murillo's Restaurant)

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11 RON WILSON. an individual,              Case No. CV 05-1948 DFL PAN

12              Plaintiffs,                The Honorable David F. Levi

13        v.                              **DEFENDANT'S OBJECTION TO MINUTE
                                          ORDER RE: SUBJECT MATTER
14 FRANCES MURILLO, dba MURILLO'S         JURISDICTION**
   RESTAURANT; and DOES 1-10,
15 inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

   528957.3

   DEFENDANT'S OBJECTION TO MINUTE ORDER RE: SUBJECT MATTER JURISDICTION

## I. **INTRODUCTION**

Defendant FRANCES MURILLO dba MURILLO'S MEXICAN FOOD (erroneously sued and served as Murillo's Restaurant) ("Defendant"), by and through her attorneys of record, respectfully submits this objection to the Court's Minute Order dated December 13, 2005 regarding subject matter jurisdiction (the "Order"). Specifically, Defendant respectfully disagrees with this Court's ruling that it does not have jurisdiction over this matter. As set forth in Defendant's Notice of Removal, this Court has jurisdiction under 28 U.S.C. sections 1331 and 1441(b) on the grounds that this case arises under the Americans with Disabilities Act of 1990 (the "ADA"). The Complaint on its face invokes federal law, and as Plaintiff Ron Wilson ("Plaintiff") expressly concedes, the "questions presented by this action will, in large part, turn on the Court's interpretation and application of the ADA." (*See* Exhibit 1, attached hereto, 1:16-28.) Accordingly, this matter should not be remanded to the Solano County Superior Court.

## II. **PROCEDURAL HISTORY**

Plaintiff filed his Complaint (the "Complaint") in the Solano County Superior Court on August 3, 2005. (*See* Exhibit 2, attached hereto.) The Summons and Complaint were served on Defendant on August 30, 2005. (*See* Exhibit 3, attached hereto.) On September 26, 2005, Defendant timely removed this action to this Court pursuant to 28 U.S.C. sections 1331 and 1441(b). (*See* Exhibit 4, attached hereto.)

On December 6, 2005, this Court issued a Status (Pretrial Scheduling) Order, requiring, *inter alia*, that Plaintiff bring a motion for remand, if any, within 28 days of the Status Order. (*See* Exhibit 5, attached hereto.) On December 8, Plaintiff filed an Objection to the Status Order that both consents and objects to jurisdiction in this Court. (*See* Exhibit 1, attached hereto.) Defendant filed a Response to Plaintiff's Objection Plaintiff's Objection to the Status Order on December 12, 2005. (*See* Exhibit 6, attached hereto.)

Finally, on December 13, this Court issued the instant Order, which provides, in pertinent part, that "[i]t appears that the court does not have jurisdiction over this case." (*See* Exhibit 7, attached hereto.) The Order invites any objecting party to submit a brief demonstrating subject matter jurisdiction.

528957.3                                                    1

### III. PLAINTIFF'S COMPLAINT ON ITS FACE INVOKES FEDERAL QUESTION JURISIDICTION

In reaching its preliminary determination that federal subject matter jurisdiction is lacking in this matter, this Court apparently relies on *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002) (*See* Exhibit 7, attached hereto). Contrary to this tentative conclusion, however, the proper application of *Wander* to the face of Plaintiff's Complaint dictates that this Court *must* retain jurisdiction over this action.

In *Wander*, the plaintiff filed a civil action in the United States District Court for the Eastern District of California, alleging violations of Title III of the ADA and various California statutes including the Disabled Persons Act (the "DPA"). The plaintiff sought both injunctive relief under the ADA and damages under the DPA. During the course of the litigation, the defendants transferred ownership of the subject property to new owners, such that the defendants no longer had any property interest. *Id.* at 857. As a result, the plaintiff's claim for injunctive relief became moot, leaving only the claim for damages under the DPA. *Id.*

When the defendants moved to dismiss the remaining state law claims under the discretionary supplemental jurisdiction statute, the plaintiff argued that the DPA's incorporation of the ADA presented a federal question. *Id.* at 858. The district court rejected this argument and granted the defendants' motion to dismiss. *Id.* On appeal, the Ninth Circuit addressed the single question of whether a federal question is created when a state statute incorporates a federal statute in defining a violation of state law. *Id.* Focusing on congressional intent, the Ninth Circuit answered this question in the negative. To allow a federal court to exercise jurisdiction over a DPA claim for damages even though Congress intended that violation of the ADA *not* give rise to a federal cause of action for damages, "would fly in the face of clear congressional intent." *Id.* at 859.

The instant action, however, has one critical difference from *Wander* that not only permits but in fact requires that this Court exercise its federal jurisdiction over Plaintiff's claims. In contrast to *Wander*, where the only viable cause of action was a state law claim for damages, Plaintiff's Complaint *on its face* sets forth a claim for injunctive relief *under the ADA* as well as

1    a claim for damages under state law. The Complaint alleges, *inter alia*:

2           Plaintiffs [sic] seek relief pursuant to remedies set forth in §204(a)
            of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and
3           pursuant to federal regulations adopted to implement the Americans
            with Disabilities Act of 1990 and state codes.
4

5    (*See* Exhibit 2, ¶ 54.) In addition, in his second cause of action, Plaintiff refers to the first cause

6    of action as "his **above cause of action for violation of the Americans with Disabilities Act** at

7    § 63 et seq." (*See* Exhibit 2, ¶ 67, emphasis added).

8           Indeed, the Complaint is replete with references to the ADA and federal law:

9           • Plaintiff is a qualified individual with a disability within the meaning of the ADA

10            and is therefore a beneficiary of the rights and protections thereunder;

11          • Defendant's facility is a "place of public accommodation" or "public facility" and

12            is subject to the requirements of the ADA and the ADAAG;

13          • Defendant and Does 1-10 are jointly and severally liable pursuant to Code of

14            Federal Regulations title 28, section 36.201(b);

15          • Defendant failed to comply with the ADA and/or the ADAAG at her "place of

16            public accommodation" or "public facility" and, in doing so, discriminated

17            against Plaintiff on the basis of his purported disability;

18          • Defendant's conduct also constituted retaliation under the ADA; and

19          • Plaintiff seeks injunctive relief, compelling Defendant to make the subject

20            property "readily accessible" as that term is defined under the ADA.

21   (*See* Exhibit 2, ¶¶ 7, 10, 11, 36, 37, 38, 43, 44, 45, 46, 47, 48, 49, 50, 53, 54, and Prayer for

22   Relief.)

23          Despite Plaintiff's artful attempts to cloak his federal claims under the guise of state law

24   allegations, the Complaint on its face clearly sets forth claims and seeks relief arising directly

25   from the ADA. Such claims and relief sought are *separate and distinct* from Plaintiff's state

26   law claims, and Plaintiff's assertion that "no formal cause of action is brought for violation of

27   [the ADA]" is both misleading and wrong. (*See* Exhibit 1, 1:27-28.) Accordingly, this Court's

28   exercise of federal question jurisdiction over this matter is proper and necessary.

## IV. PLAINTIFF CANNOT AMEND HIS COMPLAINT TO DEFEAT FEDERAL QUESTION JURISDICTION

Any attempt by Plaintiff to amend his Complaint at this juncture to delete the references to injunctive relief under the ADA would be improper.[1] It is well-settled that removal jurisdiction based on a federal question is determined on the face of the complaint as it existed at the time of removal, not as subsequently amended. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). If federal claims existed at the time of removal, a later amendment deleting all federal claims does not affect the federal court's subject matter jurisdiction, even though only state law claims remain. *Sparta Surgical Corp. v. National Ass'n of Securities Dealers. Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based"); *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (same); *Hill v. Rollen*, 615 F.2d 886, 889 (9th Cir. 1980) (same). Accordingly, any amendments to the Complaint should be rejected by this Court as an improper tactic to thwart this Court's proper exercise of jurisdiction in this case.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court refrain from remanding this action to the Solano County Superior Court.

Dated: December 27, 2005                    GROTTA, GLASSMAN & HOFFMAN, P.C.

By _____
Karen Stephenson
Attorneys for Defendant
FRANCES MURILLO dba MURILLO'S
MEXICAN FOOD

---

[1] Notably. Plaintiff has been a party to approximately 100 lawsuits filed in or removed to the Northern, Eastern, and Southern Districts of California where the complaints are virtually *identical* to the Complaint filed in this case.

# PROOF OF SERVICE

  I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 388 Market Street, Suite 500, San Francisco, CA 94111.

  On December 27, 2005, I served the foregoing **DEFENDANT'S OBJECTION TO MINUTE ORDER RE: SUBJECT MATTER JURISDICTION** on the interested party in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Thomas E. Frankovich, Esq.
The Frankovich Group Lawyers, APLC
2806 Van Ness Avenue
San Francisco, CA 94109

  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing, and I deposited the foregoing envelope into the firm's mail collection system. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  Executed this 27th day of December 2005 at San Francisco, California.

_Tameakia C. Robinson_
Tameakia Robinson

**EXHIBIT ONE**

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   JENNIFER L. STENEBERG (State Bar No. 202985)
2  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
3  2806 Van Ness Avenue
   San Francisco, CA 94109
4  Telephone:    415/674-8600
   Facsimile:    415/674-9900
5
   Attorneys for Plaintiffs RON WILSON
6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10
   RON WILSON, an individual,          )   CASE NO.  CV 05-1948 DFL PAN
11                                      )
              Plaintiff,                )   **OBJECTION TO THE COURT'S STATUS**
12                                      )   **(PRETRIAL SCHEDULING) ORDER**
   v.                                   )
13                                      )
   FRANCES MURILLO, dba MURILLO'S       )
14 RESTAURANT,                          )
                                        )
15            Defendant.                )
                                        )
16 ─────────────────────────────────────)

17        Plaintiff Ron Wilson, by and through his counsel, herein submits his objection to the

18 Court's tentative Status (Pretrial Scheduling) Order. In particular, plaintiff objects to the Court's

19 order that he bring a motion for remand within twenty-eight (28) days of the Court's Order.

20        While plaintiff expressed his reservation concerning the appropriateness of defendant's

21 removal of this matter in the parties' Joint Status Conference Order, it was not plaintiffs' intent

22 nor is it plaintiff's desire to formally contest this Court's jurisdiction. Frankly, plaintiff prefers

23 to remain before this Court. Plaintiff believes this Court to be much better versed in the legal

24 issues and complexities raised by this action than its brethren in the State Court, being intimately

25 familiar with the body of case law which has and continues to develop in the area of disability

26 rights and the Americans with Disabilities Act ("ADA"). The questions presented by this action

27 will, in large part, turn on the Court's interpretation and application of the ADA even though no

.8 formal cause of action is brought for violation of that statute.

1  Furthermore, plaintiff does not wish to incur the substantial fees and costs which will be

2  associated with undertaking motion practice on this question. To impose such a heavy burden on

3  plaintiff when it is the defendant's tactical gamesmanship that has put this case in such a

4  questionable jurisdictional posture is inequitable. Simply put, the Court should not play so

5  directly into the hand of defendant. After all, defendant would like nothing better than to see

6  plaintiff have to expend countless hours and endure significant costs on a jurisdictional merry-

7  go-around which does nothing to further, but will certainly delay, prosecution of plaintiff's

8  underlying claims.

9  With that said, if the Court feels compelled to address the question of its jurisdiction in

10  this action, then plaintiff would suggest and respectfully request that said issue be resolved

11  through an Order to Show Cause directed to defendant as to why this case should not be

12  remanded, rather than through a motion for remand by plaintiffs.

13  Dated: _____12/8/05_____, 2005        THOMAS E. FRANKOVICH
                                              *A PROFESSIONAL LAW CORPORATION*

15

16                                    By
17                                        THOMAS E. FRANKOVICH
                                          Attorneys for Plaintiffs RON WILSON

18

19

20

21

22

23

24

25

26

27

.8

## Other Documents
<u>2:05-cv-01948-DFL-PAN</u> Wilson v. Murillo

### U.S. District Court

### Eastern District of California - Live System

Notice of Electronic Filing

The following transaction was received from Frankovich, Thomas Edward entered on 12/8/2005 at 4:47 PM PST and filed on 12/8/2005
**Case Name:**          Wilson v. Murillo
**Case Number:**        <u>2:05-cv-1948</u>
**Filer:**              Ron Wilson
**Document Number:** 9

**Docket Text:**
OBJECTIONS by Plaintiff Ron Wilson *to the Court's Status (Pretrial Scheduling) Order*. (Frankovich, Thomas)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=12/8/2005] [FileNumber=756021-0]
[62cecef0d0b3d711066e0ada392d4c77b989c1867754e64d89f11d871f5b196635ec
fc4720f5e61c1adf51bcd15e686c197cfa677135de72fc8990a5ab906ef3]]

**2:05-cv-1948 Electronically filed documents will be served electronically to:**

Thomas Edward Frankovich     tfrankovich@disabilitieslaw.com,

Karen L. Stephenson     stephensonk@gghlaw.com,

**2:05-cv-1948 Electronically filed documents must be served conventionally by the filer to:**

**EXHIBIT TWO**



THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
RON WILSON

**ENDORSED FILED**
Clerk of the Superior Court

AUG 3   2005

CHARLES D. RAMEY
By _____
DEPUTY CLERK

**ASSIGNED TO**
JUDGE *Kinnicutt*
**FOR ALL PURPOSES**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR SOLANO COUNTY

| | |
|---|---|
| RON WILSON, an individual, | CASE NO. FCS026423 |
| Plaintiffs, | **Civil Rights** |
| v. | **COMPLAINT FOR DAMAGES:** |
| FRANCES MURILLO, dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive, | **1st CAUSE OF ACTION:** For Violation of California Civil Code §§54, 54.1 and 54.3 |
| Defendants. | **2nd CAUSE OF ACTION:** For Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act) |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

-1

Plaintiff RON WILSON, an individual, complains of defendants FRANCES MURILLO.
dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive, and alleges as follows:

INTRODUCTION:

1.     This is a civil rights action for discrimination against persons with physical
disabilities, of which class plaintiff RON WILSON is a member, for retaliation for the assertion
of plaintiff RON WILSON's civil rights as a disabled person.  Plaintiff seeks damages for
violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101. as provided under
California Civil Code §§51, 51.5 and 54, *et seq.*

JURISDICTION AND VENUE:

2.     **Jurisdiction:**  This Court has jurisdiction of this action pursuant to California
Civil Code §51, *et seq.* and §54, *et seq.*  Further, a violation of the Americans with Disabilities
Act of 1990, 42 U.S.C. §12101, *et seq.*, is a violation of Civil Code §51 & 54.

3.     **Venue:**  Venue is proper in this court and is founded on the facts that the real
property which is the subject of this action is located in this district at/near1591 E. Monte Vista
Ave., in the City of Vacaville, County of Solano, State of California, and that plaintiffs' causes of
action arose in this district.

PARTIES:

4.     Plaintiff RON WILSON is a "physically handicapped person", a "physically
disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
disabled". "physically handicapped" and "person with physical disabilities" are used
interchangeably. as these words have similar or identical common usage and legal meaning, but
the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other
statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff
RON WILSON is a "person with physical disabilities", as defined by all applicable California
and United States laws.  Plaintiff has a severe arthritic condition which requires that he use a
wheelchair the majority of the time.  Plaintiff RON WILSON requires the use of a wheelchair to
travel about in public.  Consequently, plaintiff RON WILSON is a member of that portion of the

1    public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.*
2    (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the
3    protections of the Unruh Civil Rights Act, Civil Code §§51, 51.5 and 54, *et seq.*

4        5.     Defendants FRANCES MURILLO, dba MURILLO'S RESTAURANT; and
5    DOES 1-10, inclusive (hereinafter alternatively collectively referred to as "defendants") are the
6    owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees,
7    and/or alter egos, franchisors and/or franchisees, of the building and/or buildings which
8    constitute a public facility in and of itself, occupied by MURILLO'S RESTAURANT, a public
9    accommodation located at/near 1591 E. Monte Vista Ave., Vacaville, California, and subject to
10    the requirements of California state law requiring full and equal access to public facilities
11    pursuant to 19955 of the Health & Safety Code, and §§51, 51.5, 52(a), 54.1 and 54.3 of the Civil
12    Code, and subject to Title III of the Americans with Disabilities Act of 1990, and to all other
13    legal requirements referred to in this complaint.

14        6.     At all times relevant to this complaint, defendants FRANCES MURILLO, dba
15    MURILLO'S RESTAURANT; and DOES 1-10, inclusive, are the lessees, or agents of the
16    lessees, and/or lessors, of said premises, and/or alter egos of the lessees, lessors and their agents,
17    and own and operate in joint enterprise the subject MURILLO'S RESTAURANT as a public
18    facility at/near 1591 E. Monte Vista Ave., Vacaville, California. This business is open to the
19    general public and conducts business therein. The business operating on said premises is a
20    "public accommodation" or "public facility" subject to the requirements of California Civil Code
21    §54, *et seq.* Plaintiffs do not know the relative responsibilities of each of the defendants in the
22    operation of the facilities herein complained of, and allege a joint venture and common enterprise
23    by all such defendants.

24    ///
25    ///
26    ///
27    ///
28    ///

7.     At all times relevant to this complaint, defendants FRANCES MURILLO, dba

MURILLO'S RESTAURANT; and DOES 1-10, inclusive are the landlords/lessors,

tenants/lessees and the owners and operators of the subject MURILLO'S RESTAURANT, a

public facility located at/near 1591 E. Monte Vista Ave., Vacaville, California. As such, these

defendants are jointly and severally responsible to identify and remove architectural-barriers

pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent

part:

> § 36.201     General
>
> (b) *Landlord and tenant responsibilities.* Both the landlord
> who owns the building that houses a place of public
> accommodation and the tenant who owns or operates the place of
> public accommodation are public accommodations subject to the
> requirements of this part. As between the parties, allocation of
> responsibility for complying with the obligations of this part may
> be determined by lease or other contract.
>
> 28 CFR §36.201(b)

8.     Plaintiff does not know the true names of defendants FRANCES MURILLO, dba

MURILLO'S RESTAURANT; and DOES 1-10, inclusive, their business capacities, their

ownership connection to the property and business, nor their relative responsibilities in causing

the access violations herein complained of, and allege a joint venture and common enterprise by

all such defendants. Plaintiff is informed and believes that each of the defendants herein is a

public accommodation, and is the agent, ostensible agent, master, servant, employer, employee,

representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such

similar capacity, of each of the other defendants, and was at all times acting and performing, or

failing to act or perform, within the course and scope of his, her or its authority as agent,

ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee,

joint venturer, alter ego, partner, and associate, or such similar capacity, and with the

authorization, consent, permission or ratification of each of the other defendants, and is

responsible in some manner for the acts and omissions of the other defendants in legally causing

the violations and damages complained of herein, and have approved or ratified each of the acts

or omissions of each other defendant, as herein described. Plaintiff will seek leave to amend

1 when the true names, capacities, connections, and responsibilities of defendants FRANCES

2 MURILLO, dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive, are ascertained.

3      9.    Plaintiff is informed and believes that all named defendants conspired to commit

4 the acts described herein, or alternatively, aided and abetted one another in the performance of

5 the wrongful acts hereinafter alleged.

6 **PRELIMINARY FACTUAL ALLEGATIONS:**

7      10.    Defendants FRANCES MURILLO, dba MURILLO'S RESTAURANT: and

8 DOES 1-10, inclusive are the private persons and/or entities that are public accommodations that

9 own, lease (or lease to), or operate MURILLO'S RESTAURANT, located at/near 1591 E. Monte

10 Vista Ave., Vacaville, California. MURILLO'S RESTAURANT, its signage, dining area, bar

11 area, ramps, men's restroom, women's restroom and its other facilities are each a "place of

12 public accommodation or facility" subject to the requirements of the Americans with Disabilities

13 Act and California Health & Safety Code §19955, *et seq.* On information and belief, each such

14 facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of

15 which has subjected the restaurant and each of its facilities, its signage, dining area, bar area,

16 ramps, men's restroom and women's restroom to handicapped access requirements per the

17 Americans with Disabilities Act Accessibility Guidelines for Buildings & Facilities (ADAAG),

18 Civil Code §54.1, and §19959, Health & Safety Code.

19      11.    Plaintiff RON WILSON is a person with a disability. Plaintiff RON WILSON is

20 a "person with physical disabilities", as defined by all applicable California and United States

21 laws. Plaintiff RON WILSON has a severe arthritic condition which requires that he use a

22 wheelchair the majority of the time. Plaintiff RON WILSON requires the use of a wheelchair for

23 mobility and to travel in public.

24      12.    At all times stated herein, plaintiff RON WILSON was an activist for disabled

25 persons seeking to make places of public accommodations abide by State and Federal access

26 codes to provide access.

27 ///

28 ///

13. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out MURILLO'S RESTAURANT as being handicapped accessible and handicapped usable.

14. At all times stated herein, plaintiff RON WILSON is a person with disabilities, who in or about the last quarter of 1993, had an arthritic condition which worsened to the degree that it left him mobility impaired.

15. At all times stated herein, defendant FRANCES MURILLO was the owner and operator of MURILLO'S MEXICAN FOOD, located at/near 1591 E. Monte Vista Ave., Vacaville, California, 95688.

16. On or about but prior to August 7, 2001, plaintiff RON WILSON had been an invitee and guest at the subject MURILLO'S RESTAURANT approximately six times.

17. On or about August 3, 2001, plaintiff RON WILSON, accompanied by his wife, parked in a parking space designated for the disabled at the subject restaurant. However, there was a built up ramp in the access aisle which posed a barrier and hazard to plaintiff RON WILSON in exiting from and re-entering his vehicle.

18. At said time and place, plaintiff RON WILSON discovered that the subject MURILLO'S RESTAURANT lacked proper California signage from the parking lot to the entry door. Further, plaintiff RON WILSON discovered that the accessible stall within the men's restaurant did not have a self-closing mechanism and lacked an accessible handle on the inside of the stall door. Plaintiff RON WILSON also noted that the dispensers throughout the men's restroom were too high, in violation of California access codes.

19. On or about August 7, 2001, RON WILSON wrote defendant FRANCES MURILLO a letter indicating the architectural barriers that existed and requested that the architectural barriers be removed within thirty days.

20. On or about August 10, 2001, defendant FRANCES MURILLO wrote plaintiff RON WILSON a letter in response substantially stating that MURILLO'S regretted any inconvenience that Mr. Wilson had experienced and that MURILLO'S would make every effort to comply with the required modifications in a timely manner.

21. On or about December 9, 2004, plaintiff RON WILSON was a patron, guest and invitee at MURILLO'S RESTAURANT with a friend Byron Chapman for purposes of having lunch. Upon entering MURILLO'S RESTAURANT, plaintiff RON WILSON went to the lowered section of the bar. Plaintiff RON WILSON ordered a beer and BYRON CHAPMAN a soda. Chips were served by the female bartender to them. At said time another female employee entered the bar area and began taking photographs of Mr. Chapman and plaintiff RON WILSON sitting at the lower section of the bar. Plaintiff RON WILSON and Byron Chapman inquired why she was taking photographs, and the female employee replied, in substance, "for the restaurant Christmas photograph album". Plaintiff RON WILSON and Byron Chapman finished their drinks and requested a table in the dining area from the hostess. At said time, plaintiff RON WILSON experienced muscle spasms and began to become immobile. This necessitated plaintiff RON WILSON to go to the men's restroom to attempt to stand utilizing the grab bars in the men's restroom stall. However, upon entering the men's restroom, the door pressure was excessive to the degree that it caused the door to slam on the push rim of plaintiff's wheelchair, causing it to become dented.

22. On or about, but prior to January 2004, plaintiff RON WILSON spoke to and agreed with ALBERTO GONZALES of the California Attorney General Office to file Senate Bill 262 complaints with the local building official where public accommodations were not in compliance with State access laws to preclude the necessity of filing a lawsuit. This was a process and procedure plaintiff RON WILSON agreed to "test" to determine whether this system to gain access would work.

23. On or about February 14, 2005, plaintiff RON WILSON wrote MURILLO'S RESTAURANT relative to the route of travel from the parking lot to the entrance, restroom and dining room seating. He inquired from MURILLO'S RESTAURANT as to what MURILLO's plans were to come in compliance with all state and federal disability codes.

///

///

///

24. On or about February 25, 2005, defendant FRANCES MURILLO responded to plaintiff RON WILSON's earlier letter indicating that MURILLO'S would contact a person to inspect its facility and ensure that it is in compliance with various regulations and codes.

25. On or about February 20, 2004, plaintiff RON WILSON prepared a survey list noting access violation at the subject MURILLO'S RESTAURANT for Byron Chapman pursuant to S.B. 262. This was done instead of a lawsuit.

26. On or about March 26, 2004, the city of Vacaville responded to plaintiff RON WILSON'S S.B. 262 letter, outlining 72 individual access items.

27. On or about March 11, 2005, plaintiff RON WILSON and Byron Chapman were patrons, invitees and guests at MURILLO'S RESTAURANT for purposes of having lunch. Upon entering MURILLO'S RESTAURANT, plaintiff RON WILSON and BYRON CHAPMAN went to the lowered section of the bar. Plaintiff RON WILSON ordered a beer and Byron Chapman a soda. Chips were served by the female bartender, Ms. Deena, to them.

28. At said time and place, while plaintiff RON WILSON was having his beer and BYRON CHAPMAN having his soda, both eating some chips, the female bartender came and took the chips away and attempted to remove a partially filled beer bottle from plaintiff RON WILSON. Plaintiff RON WILSON held onto the beer bottle and poured the contents into his glass. Plaintiff RON WILSON and Byron Chapman inquired from the female bartender why she was taking the chips away and attempting to remove the drinks from the counter. The female bartender stated, in substance, "The owner said I cannot serve you and you have to leave now". Thereafter, defendant FRANCES MURILLO appeared in front of plaintiff RON WILSON with a sign which, in substance, stated "I have the right to refuse service to anyone". Defendant FRANCES MURILLO said that she was calling the police. Plaintiff RON WILSON replied, in substance, "I'm going to finish my beer". Approximately five minutes later, Vacaville police presented themselves within the restaurant approximately fifteen feet from plaintiff RON WILSON and Byron Chapman. The police did not say anything to plaintiff RON WILSON and Byron Chapman. Byron Chapman attempted to pay for the beverages but the female bartender

1  did not want to accept his money. Byron Chapman insisted upon paying, paid and asked for a
2  receipt. The female bartender refused to give Byron Chapman a receipt.

3      29.     At said time and place, while plaintiff RON WILSON and Byron Chapman were
4  at the bar having been told in substance to "leave", a male employee believed to be Albredo
5  Daniel Murillo of MURILLO'S RESTAURANT approached plaintiff RON WILSON and Byron
6  Chapman at the bar, pointing a camera in their faces, stating in substance, "Smile for the
7  camera".

8      30.     Thereafter, plaintiff RON WILSON and Byron Chapman left.

9      31.     On or about March 14, 2005, pursuant to Senate Bill 262 and as requested by
10  Accessibility Inspector Ron Armstrong and the gentleman's agreement with Alberto Gonzales,
11  plaintiff RON WILSON sent a list of architectural deficiencies to the city of Vacaville relative to
12  MURILLO'S RESTAURANT. Said list is marked as Exhibit "A", composed of 2 pages and is
13  attached herein by reference as though fully set forth herein.

14      32.     At all times stated herein, plaintiff RON WILSON had never filed any state or
15  federal lawsuit against defendant FRANCES MURILLO dba MURILLO'S MEXICAN FOOD
16  RESTAURANT.

17      33.     The acts of defendant FRANCES MURILLO and that of her employee, agent and
18  representative in taking the subject photos of plaintiff RON WILSON and Byron Chapman is
19  tantamount to "retaliation" against plaintiff RON WILSON and Byron Chapman for their past
20  activities in promoting the civil rights of persons with disabilities to have architectural barriers
21  removed in places of public accommodation, pursuant to the Americans with Disabilities Act of
22  1990.

23      34.     Plaintiff RON WILSON is informed and believes that, on or about February 25,
24  2005, defendant FRANCES MURILLO became a member of the Vacaville Chamber of
25  Commerce ADA Task Force and/or was influenced by the Chamber of Commerce to take any
26  action against plaintiff RON WILSON and Byron Chapman to preclude them from attempting to
27  have architectural barriers removed from places of public accommodation by use of non-
28  litigation methods and/or through actions filed in the state or federal courts.

35. From approximately April 2002 to the present, plaintiff RON WILSON had sent sixty-three or more Senate Bill 262 letters to the city of Vacaville similar to the one regarding MURILLO'S RESTAURANT.

36. Defendant FRANCES MURILLO, dba MURILLO'S RESTAURANT, and DOES 1-10's acts and directions carried out of defendants' employees in refusing to serve plaintiff RON WILSON at the bar, removing his food, demanding that plaintiff RON WILSON leave the restaurant, calling law enforcement to remove plaintiff from the premises at Murillo's Restaurant and the taking of photographs of plaintiff RON WILSON for no legitimate purpose were acts of retaliation and coercion for plaintiff RON WILSON and Byron Chapman activities related to MURILLO'S RESTAURANT and other public accommodations in the area from January 2001 to the present. The acts of defendants FRANCES MURILLO, dba MURILLO'S RESTAURANT; and DOES 1-10 are prohibited under 42 USC 12203, Section 503:

> (A) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.
> (B) Interference, Coercion, or Intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encourage any other individual in the exercise or enjoyment of any right granted or protected by this Act.
> (Sec. 503 Prohibition Against Retaliation and coercion, 42 USC 12203)

37. Defendants' acts were tantamount to retaliation pursuant to Federal Law.

38. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 then.

39. On or about February 14, 2005, defendant(s) were sent letters by or on behalf of plaintiffs advising of the existence of architectural barriers, requesting a response within 30 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances. Said letters are attached hereto collectively as exhibit "B" and incorporated by reference as though fully set forth herein.

1  Defendants' failure to respond evidenced an intent not to seek or engage in an early and
2  reasonable resolution of the matter.

3     40.     Plaintiff RON WILSON is now informed and believes that the majority of
4  architectural barriers have been addressed with the exception of:

5     •     ISA symbol on exterior route is at 70 inches instead
           of 60 inches

6
7     •     No ramp edge and protector on rear lot ramp

8     •     Exit doors do not have required exit braille signage

9     •     Men's restroom door pressure is still too
           excessive

10    •     Stall door of men's restroom swings into clear space

11  Plaintiff RON WILSON seeks voluntary compliance from defendants to remedy these defects.

12    41.     As a further legal result of the actions of defendants, plaintiff RON WILSON
13  suffered a loss of his civil rights and further experienced emotional distress, mental distress,
14  mental suffering, mental anguish, which includes, but is not limited to, humiliation,
15  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
16  person with physical disabilities being denied access, all to his damages as prayed hereinafter in
17  an amount within the jurisdiction of this court. No claim is being made for mental and emotional
18  distress over and above that usually associated with the discrimination claimed, and no expert
19  testimony regarding this usual mental and emotional distress will be presented at trial in support
20  of the claim for damages.

21    42.     Defendants', and each of their, failure to remove the architectural barriers
22  complained of herein created, at the time of plaintiff RON WILSON's first visit to said public
23  accommodation, continued to create continuous and repeated exposure to substantially the same
24  general harmful conditions which caused plaintiff RON WILSON to attempt resolution by
25  letters.

26  ///
27  ///
28  ///

43. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

44. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

45. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> . . .
>
> (B) a restaurant, bar or other establishment serving food or drink:
>
> 42 U.S.C. §12181(7)(B)

///

46. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

47. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

        (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

        (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

        (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

        (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

        (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

48. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of MURILLO'S RESTAURANT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

49. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleged that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have had to make the required services available through alternative methods which were readily achievable.

50. Punitive Damages -- Defendants, and each of them, at times prior to and including March 11, 2005, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility. Despite such knowledge, defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by plaintiffs and other similarly situated persons with disabilities, including the specific notices referred to in paragraphs 38, 39 and 49 of this complaint. Defendants, and each of them, had failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of handicap access and have refused to comply with their legal obligations to make MURILLO'S RESTAURANT accessible pursuant to the Americans with

1    Disabilities Act of 1990, Americans with Disabilities Act Accessibility Guidelines (ADAAG)

2    and Title 24. Rather than accept constructive criticism, defendants FRANCES MURILLO, dba

3    MURILLO'S RESTAURANT; and DOES 1-10, inclusive, retaliated against plaintiff RON

4    WILSON by: Removing food in front of plaintiff RON WILSON; requesting plaintiff RON

5    WILSON leave the restaurant, refusing to serve plaintiff food and beverage, calling the police to

6    remove the plaintiff from the subject restaurant; harassing, coercing and intimidating plaintiff

7    RON WILSON by taking unauthorized photos of plaintiff RON WILSON. Such actions and

8    continuing course of conduct by defendants, and each of them, evidence despicable conduct in

9    conscious disregard for the rights or safety of plaintiffs and of other similarly situated persons,

10   justifying an award of exemplary and punitive damages pursuant to §3294, Civil Code.

11        51.    Defendants', and each of their, actions have also been oppressive to persons with

12   physical disabilities and of other members of the public, and have evidenced actual or implied

13   malicious intent toward those members of the public, such as plaintiffs and other persons with

14   physical disabilities who have been denied the proper access they are entitled to by law.

15   Furthermore, defendants', and each of their past refusals on a day-to-day basis to remove the

16   barriers complained of herein evidence despicable conduct in conscious disregard for the rights

17   of plaintiff and other members of the public with physical disabilities.

18        52.    Plaintiffs pray for an award of punitive damages against defendants, and each of

19   them, pursuant to Civil Code §3294 in an amount sufficient to make a more profound example of

20   defendants and discourage owners and operators of other restaurants and other public facilities,

21   from willful disregard of the rights of persons with physical disabilities and for retaliation against

22   those disabled persons exercising their civil rights. Plaintiffs do not know the financial worth of

23   defendants, or the amount of punitive damages sufficient to accomplish the public purposes of

24   §3294 of the Civil Code and seek leave to amend this complaint when such facts are known.

25   January 26, 1992, independently triggering access requirements under Title III of the ADA.

26   ///

27   ///

28   ///

53.     Plaintiff RON WILSON initially attempted to resolve all access issues with defendant FRANCES MURILLO, dba MURILLO'S RESTAURANT, and later by an SB262 letter. Defendant FRANCES MURILLO response to plaintiff RON WILSON, known to her as an activist for disabled persons and who questioned the barriers existing at MURILLO'S RESTAURANT, were acts of coercion, intimidation and retaliation as set forth herein by defendants FRANCES MURILLO, dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive, in violation of section 503 of the Americans With Disabilities Act of 1990 which states:

> (A) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act.
> (B) Interference, Coercion, or Intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encourage any other individual in the exercise or enjoyment of any right granted or protected by this Act.
> (Sec. 503 Prohibition Against Retaliation and coercion, 42 USC 12203)

54.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990 and state codes. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

55.     Plaintiffs seek damages pursuant to California Civil Code §§51, 51.5 and 52(a), 54, 54.1 and 54.3, which provide, within the statutory scheme, that a violation of the ADA is a violation of California's Unruh Civil Rights Act.

## I.     FIRST CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.
(On Behalf of Plaintiff RON WILSON, and Against Defendants FRANCES MURILLO, dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

56.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 55 of this complaint.

///

57. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

58. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

59. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

60. Plaintiff RON WILSON is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1. California Civil Code §54.3(a) provides:

///

///

///

> Any person or persons, firm or corporation, who denies or
> interferes with admittance to or enjoyment of the public facilities
> as specified in Sections 54 and 54.1 or otherwise interferes with
> the rights of an individual with a disability under Sections 54, 54.1
> and 54.2 is liable for each offense for the actual damages and any
> amount as may be determined by a jury, or the court sitting without
> a jury, up to a maximum of three times the amount of actual
> damages but in no case less than . . . one thousand dollars ($1,000)
> and . . . attorney's fees as may be determined by the court in
> addition thereto, suffered by any person denied any of the rights
> provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

61.    On or about March 11, 2005, plaintiff RON WILSON suffered violations of §§54, 54.1 and 54.3(a) of the Civil Code.

62.    As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, and as a result of coercion, intimidation and retaliation by defendants, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff RON WILSON further experienced physical discomfort emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

63.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of §54.3 of the Civil Code, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,

1 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

2 to compel the defendants to make their facilities accessible to all members of the public with

3 disabilities and cease from committing any acts of coercion, intimidation or retaliation, justifying

4 public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of

5 §1021.5 of the Code of Civil Procedure.

6    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

7

8 II.  **SECOND CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET***

9 ***SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
   (On Behalf of Plaintiffs RON WILSON, and Against Defendants FRANCES MURILLO,

10    dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive)
   (Civil Code §51, 51.5)

11

   64.  Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

12

the allegations contained in paragraphs 1 through 63 of this complaint.

13

   65.  Defendants' actions and omissions and failure to act as a reasonable and prudent

14

public accommodation in identifying, removing and/or creating architectural barriers, policies,

15

practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

16

Unruh Act provides:

17

18    This section shall be known, and may be cited, as the
   Unruh Civil Rights Act.

19     All persons within the jurisdiction of this state are free and
   equal, and no matter what their sex, race, color, religion, ancestry,

20    national origin, or disability are entitled to the full and equal
   accommodations, advantages, facilities, privileges, or services in

21    all business establishments of every kind whatsoever.

22     This section shall not be construed to confer any right or
   privilege on a person that is conditioned or limited by law or that is

23    applicable alike to persons of every sex, color, race, religion,
   ancestry, national origin, or disability.

24 ///

25 ///

26 ///

27 ///

28 ///

Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by
other provisions of law, to any new or existing establishment,
facility, building, improvement, or any other structure . . . nor shall
anything in this section be construed to augment, restrict, or alter in
any way the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect
otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336)
shall also constitute a violation of this section.

66.  The acts and omissions of defendants stated herein are discriminatory in nature
and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell
to, or trade with any person in this state because of the race, creed,
religion, color, national origin, sex, or **disability** of the person or of
the person's partners, members, stockholders, directors, officers,
managers, superintendents, agents, employees, business associates,
suppliers, or customers.

As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
limited liability company, or company.

Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,
alteration, repair or modification that is otherwise required by other
provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall
anything in this section be construed to augment, restrict or alter in
any way the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect
otherwise possesses pursuant to other laws.

67.  Pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
shall also constitute a violation of this section". The wrongful acts of defendants as stated herein,
including but not limited to removing food placed in front of plaintiff RON WILSON, refusing
service to plaintiff RON WILSON, calling the police to remove plaintiff RON WILSON from
the subject restaurant and harassing of plaintiff RON WILSON by taking photographs of him
were also violations off Civil Code §§51 & 51.5. Plaintiff accordingly incorporates the entirety

20

of his above cause of action for violation of the Americans with Disabilities Act at §63 *et seq.*, as if replead herein.

68.    As a legal result of the violation of plaintiff RON WILSON's civil rights as hereinabove described, plaintiff RON WILSON further suffered emotional distress. Plaintiff RON WILSON is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

PRAYER:

Plaintiff prays that this court award damages and provide relief as follows:

I.    **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs RON WILSON, and Against Defendants FRANCES MURILLO, dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.    For injunctive relief, compelling defendants FRANCES MURILLO, dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive, to make MURILLO'S RESTAURANT, located at 1591 E. Monte Vista Ave., Vacaville, California, readily accessible to and usable by individuals with disabilities, per state law;

2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each day that plaintiffs were deterred from returning to the subject public accommodation.

3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.    Punitive damages pursuant to Civil Code §3294;

5.    For all costs of suit;

6.    Prejudgment interest pursuant to Civil Code §3291;

7.    Such other and further relief as the court may deem just and proper.

///

///

II. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF FULL AND
    EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
    AND 54.3, *ET SEQ.*
    (On Behalf of Plaintiff RON WILSON, and Against Defendants FRANCES MURILLO,
    dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive)
    (California Civil Code §§54, 54.1, 54.3, *et seq.*)

    1.    General and compensatory damages according to proof.

III. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF ACCESS TO
    FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
    PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
    CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)
    (On Behalf of Plaintiffs RON WILSON, and Against Defendants FRANCES MURILLO,
    dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive)
    (California Civil Code §§51, 51.5, *et seq.*)

    1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident

and for each day that plaintiffs were deterred from returning to the subject public

accommodation;

    2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the

prevailing party;

    3.    Punitive damages pursuant to Civil Code §3294;

    4.    For all costs of suit;

    5.    Prejudgment interest pursuant to Civil Code §3291; and

    6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///

IV. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF ACCESS TO
FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
CODE §51, *ET SEQ*. (THE UNRUH CIVIL RIGHTS ACT)
(On Behalf of Plaintiff RON WILSON, and Against Defendants FRANCES MURILLO,
dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. General and compensatory damages to plaintiff RON WILSON according to
proof.

Dated: 7 D 9/01 , 2005     THOMAS E. FRANKOVICH
                                     *A PROFESSIONAL LAW CORPORATION*

                                 By:
                                   THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiffs RON WILSON

CITY OF VACAVILLE
650 MERCHANT STREET
VACAVILLE, CA. 95688

BUILDING INSPECTION DIVISION
ACCESSIBILITY COMPLAINT FORM

1. Please fill out the top half of this form as accurately as possible.
2. Please make this report legible and understandable. PLEASE PRINT OR TYPE.
3. Please attach any supporting documentation.

REPORTED BY     (OPTIONAL)

Name: C.A.C.D

Address: P.O.B. 14

City: DIXON CA 95620

Business Phone: _____

Home Phone: _____

COMPLAINT AGAINST

Name: Murello's Mexican Food

Address: 433 Merchant St

City: Vacaville Ca 95688

Business Phone: 707 448 3355

Alternate Phone: _____

DESCRIBE COMPLAINT. Use back and additional sheets, if necessary.

19 accessibility complaints - 1 additional sheet.

_____

_____

_____

_____

FOR CITY USE ONLY

RESULTS OF INSPECTOR'S INITIAL INVESTIGATION. (Within 21 days)

❑ Described complaint is not a code violation and no further action necessary.
❑ Complaint valid, violates of California Access Laws and Regulations (C.B.C. Chapter 11) as described below.
❑ Conforms to C.B.C. Chapter 11, but violates provisions of The Americans With Disabilities Act statute.

_____

_____

_____

_____

_____

90 DAY RESOLUTION PERIOD. List the chronology of events/corrective actions leading to deficiency resolution:

_____

_____

_____

_____

_____

Assigned Inspector: _____          Building Official: _____

c attorney General office          Signature & Date                    Signature & Date

in assembly woman _____                              03/14/05

Murillo's Mexican food     03/14/05

633 Murant St     93262

Visalia Cal 95688     accessibility complaint

1. Tow-away signage not ave mandatory Standard C100 B
2. Exterior route ISA Symbol above required height
3. Built up ramp in rear parking lot without edge protection
4. Bar section for wheelchair occupants without accessible route
5. Bar Section for wheelchair occupants without clear floor space
6. Bar seating without required underneath clearances.
7. Dining areas seating without underneath clearances.
8. all Dining areas are not accessible for wheelchair occupants.
9. Exit doors or without ADAAG required exit braille signage
10. Men's restroom door effor to operate
11. Men's restroom door ADAAG required door closer.
12. Men's restroom door swing into clear floor space
13. men's restroom door with ADAAG required maneuvering clearance on pull side.
14. Men's accessible Stall door without ISA Symbol
15. Men's accessible Stall door without CBC automatic door closer
16. Men's lavatory clear floor space with obstructions (waste receptacle
16. Men's lavatory hot water pipe not ADAAG required protected
17. Men's Soap dispenser operable control above required pressure.
18. Women's accessible restroom needs to be surveyed.
19. Entrance door CBC inside door signage.

Murilla's Restaurant & Beauty ????  February 14, 2005
1861.4 monte Vista Ave
VACAVILLE CA 95688

     My name is Ron Wilson, I am disabled and a wheelchair user. I would like to make you aware I have visited your facility and encountered not just it several disabled State & federal access code violations at your facility. Your exterior route of travel and parking space was quite an emotional experience, using your accessible route of travel and rest room was also quite embarrassing and painful as with dining seating to mention a few.

     For your information the city of Vacaville civil servants do not and will not enforce ADAAG code violations.

     Generally, there are six professional involved and the property owner in applying all the disabled access codes (both State and federal) in the plans for a facility.

     Most professionals and civil servants are competent, honest, hardworking and responsible. However, most of the professional and civil servants are not well educated in the State and federal disabled access code standard and what these standard require

     The majority of owners have the false sense of security their facility is in full compliance with State and federal disabled access code standards, because their plans passed plan check, permits were issued and the field Building inspector approved work and sign off

     It is extremely important the property owner involved with the plans of the facility is made aware this is where the buck stops (caveat emptor) "buyer beware"

Mussllo's Restaurant & Property Owners                    February 19, 2005
1591 E. Monto Vista Ave

    I suggest you acquire a person who is knowledgeable in both State, federal areas code standards and all other codes. I also suggest you obtain a permit to make sure work complies with various codes & regulations.

    Within ten Days of this letter I would like to know in writing what your plans are in detail to eliminate all State & federal disabled Sections and Standards violations at your facility in Visalille.

    I am asking within thirty days of this letter that all Disabled code State & federal violations be installed to meet the Standards in each Section That would be violations of a Disabled Person Civil Rights

P.O.B 14
Dixon CA 93620

**EXHIBIT THREE**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FRANCES MURILLO, dba MURILLO'S RESTAURANT;
and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RON WILSON, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court, Solano County<br>321 Tuolumne St., Vallejo, CA 94590 | CASE NUMBER:<br>*(Número del Caso):* FCS026423 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

THOMAS E. FRANKOVICH, 2806 Van Ness Ave., San Francisco, CA 94109

| DATE: AUG 3 2005 **CHARLES D. RAMEY** | Clerk, by _C. Morris_ , Deputy |
|---|---|
| *(Fecha)* | *(Secretario)* *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

ASSIGNED TO
JUDGE *Kinnicutt*
FOR ALL PURPOSE

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SOLANO

Plaintiff(s):

_Wilson, Ron_

Defendant(s):

_Murillo, Frances et al._

CASE NO. _FCS_____

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

[X] ONE   [ ] TWO   [ ] _____

Pursuant to local rules and by order of this court, this matter has been calendared for Case Management Conference:

DATE: _11/29/05_

TIME: _8:30 am_

LOCATION:
[X] 600 Union Avenue, Fairfield, CA 94533
[ ] 321 Tuolumne Street, Vallejo, CA 94590

### THE ABOVE-ENTITLED CASE HAS BEEN ASSIGNED TO

JUDGE _A. Ennicutt_ , DEPT. _3_ ,

### FOR ALL PURPOSES.

**THE OBLIGATIONS OF COUNSEL, OR ANY PARTY NOT REPRESENTED BY COUNSEL, IN REGAR TO CASE MANAGEMENT CONFERENCE ONE AND CASE MANAGEMENT CONFERENCE TWO ARE AS FOLLOWS:**

1) Service of the complaint must be within sixty (60) calendar days.

2) Service of responsive pleading must be within thirty (30) days after service of the complaint. The time for filing responsive pleading may not be extended except as authorized by Government Code section 68616.

3) Plaintiff shall serve a copy of **Notice of Case Management Conference One** on all defendants with the complaint

4) Any party serving a cross-complaint shall serve a copy of **Notice of Case Management Conference One** on each cross-defendant with the cross-complaint.

5) Any cross-complaint served after Case Management Conference One has been held shall have a **Notice of Case Management Conference Two** served with it.

6) A **Case Management Statement** shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

7) At Case Management Conference One the court shall inform counsel of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel will accomplish in regard to the case before the filing of the **Case Management Statement** for Case Management Conference Two

8) Each counsel shall complete, file, and serve on all parties a completed **Case Management Statement** by the 15th calendar day before the date set for Case Management Conference Two.

9) At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case.

10) The court may impose sanctions in the event that a **Case Management Statement** is not timely filed and/or served, or is not fully completed, or the requirements of #9, above, are not met.

## COUNSEL ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL RULES REGARDING CIVIL LITIGATION.

### NOTICE OF CASE MANAGEMENT CONFERENCE

Form #900   Rev. 5/02

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| THOMAS E. FRANKOVICH, SBN 074414<br>2806 Van Ness Avenue, San Francisco, CA 94109<br>TELEPHONE NO: 415-674-8600  FAX NO: 415-674-9900<br>ATTORNEY FOR *(Name)*: RON WILSON | **ENDORSED FILED**<br>Clerk of the Superior Court<br><br>AUG 3  2005<br><br>CHARLES D. RAMEY<br>By ___ArMoris___<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO
STREET ADDRESS: 321 Tuolumne St.
MAILING ADDRESS:
CITY AND ZIP CODE: Vallejo, CA  94590
BRANCH NAME: Solano Justice Building

CASE NAME:
WILSON v. MURILLO'S, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>FCS026423 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | JUDGE: Kinicutt<br>DEPT: 3 |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not  complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
  a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [X] is not  a class action suit.
Date:

THOMAS FRANKOVICH
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

**EXHIBIT FOUR**

ENDORSED FILED
SOLANO COUNTY COURTS

05 SEP 26 PM 2:02

CHARLES D. RAMEY
BY: ___N L Blanc
       DEPUTY CLERK

1  DAVID F. FAUSTMAN, State Bar No. 081862
2  KAREN STEPHENSON, State Bar No. 205664
   GROTTA, GLASSMAN & HOFFMAN, P.C.
3  388 Market Street, Suite 500
   San Francisco, CA 94111
4  Telephone: (415) 296-3885
5  Facsimile: (415) 296-3886

6  Attorneys for Defendant
   FRANCES MURILLO dba MURILLO'S MEXICAN FOOD
7  (erroneously sued and served as Murillo's Restaurant)

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                   IN AND FOR SOLANO COUNTY
10

| | |
|---|---|
| 11  RON WILSON, an individual, | Case No. FCS 026423 |
| 12          Plaintiffs, | Assigned for all purposes to: |
| 13  v. | Hon. Judge Kinnicutt |
|  | Dept. 3 |
| 14  FRANCES MURILLO, dba MURILLO'S | **NOTICE TO ADVERSE PARTY AND** |
| 15  RESTAURANT; and DOES 1-10, inclusive, | **STATE COURT OF REMOVAL OF** |
|  | **CASE TO FEDERAL COURT** |
| 16          Defendants. |  |
| 17  | Complaint filed: 08/03/05 |
|  | Trial Date: None |
| 18 | |

19         **PLEASE TAKE NOTICE** that a Notice of Removal of this action was filed in the

20  United States District Court for the Eastern District of California on September 26, 2005. A true

21  and correct copy of the Notice of Removal as filed with the Eastern District Court is attached

22  hereto as Exhibit A.

23
24  Dated: September 26, 2005          GROTTA, GLASSMAN & HOFFMAN, P.C.
25
26                                     By
27                                        KAREN L. STEPHENSON
                                          Attorneys for Defendant
28                                        FRANCES MURILLO
                                          dba MURILLO'S MEXICAN FOOD

GROTTA, GLASSMAN &
HOFFMAN, P.C.
388 Market Street, Suite 500, San
Francisco, CA 94111

518599                              1
          NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL OF CASE

DAVID F. FAUSTMAN, State Bar No. 081862
KAREN STEPHENSON, State Bar No. 205664
GROTTA, GLASSMAN & HOFFMAN, P.C.
388 Market Street, Suite 500
San Francisco, CA 94111
Telephone: (415) 296-3885
Facsimile: (415) 296-3886

Attorneys for Defendant
FRANCES MURILLO dba MURILLO'S MEXICAN FOOD
(erroneously sued and served as Murillo's Restaurant)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON WILSON, an individual, | Case No. |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION)** |
| v. | |
| FRANCES MURILLO, dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FRANCES MURILLO dba MURILLO'S

MEXICAN FOOD (erroneously sued and served as Murillo's Restaurant) ("Defendant")

removes to this Court the state court action described below, based on the Court's removal

jurisdiction under 28 U.S.C. Section 1331, which in turn is based on the Court's federal question

jurisdiction under 28 U.S.C. Section 1441(b).



1

DEFENDANT'S NOTICE OF REMOVAL

1.    On or about August 3, 2005, plaintiff RON WILSON ("Plaintiff") commenced an action in the Superior Court of California in and for the County of Solano, entitled *Ron Wilson v. Frances Murillo, dba Murillo's Restaurant, et al.*, as Case No. FCS 026423 (the "Action"). In the Action, Plaintiff seeks damages and injunctive relief for, among other things, alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), codified at 42 U.S.C. Section 12101, *et seq.*, and the ADA's implementing regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). A true and correct copy of the Complaint served on Defendant is attached hereto as Exhibit A.

2.    Defendant was served with the Summons and Complaint via substituted personal service on August 30, 2005. True and correct copies of the Summons and all other papers served on Defendant are attached hereto as Exhibit B. A true and correct copy of Defendant's Answer filed in the state court action is attached hereto as Exhibit C.

3.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441(b) on the ground that it arises under the ADA.

4.    The Complaint on its face invokes Federal law insofar as Plaintiff alleges that:

- Plaintiff is a qualified individual with a disability within the meaning of the ADA and is therefore a beneficiary of the rights and protections thereunder;

- Defendant's facility is a "place of public accommodation" or "public facility" and is subject to the requirements of the ADA and the ADAAG;

- Defendant failed to comply with the ADA and/or ADAAG at her "place of public accommodation" or "public facility" and, in doing so, discriminated and retaliated against Plaintiff on the basis of his purported disability;

GROTTA, GLASSMAN &
HOFFMAN, P.C.
388 Market Street, Suite 500, San
Francisco, CA 94111

517982

DEFENDANT'S NOTICE OF REMOVAL

- Plaintiff seeks damages and injunctive relief as a result of Defendant's alleged violations of Plaintiff's civil rights under the ADA.

(*See, e.g.,* Complaint at ¶¶ 1, 5, 7, 10, 33, 36-38, 43-45, 47, 50 and 54).

5.      Defendant believes, and on that basis alleges, that none of the fictitiously-named defendants have been identified by Plaintiff or served with the Summons and Complaint.

Dated:  September 26, 2005        GROTTA, GLASSMAN & HOFFMAN, P.C.

By  _____
       KAREN L. STEPHENSON
       Attorneys for Defendant
       FRANCES MURILLO
       dba MURILLO'S MEXICAN FOOD

ROTTA, GLASSMAN &
OFFMAN, P.C.
8 Market Street, Suite 500, San
ancisco, CA 94111

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is: 388 Market Street, Suite 500, San Francisco, CA 94111.

On September 26, 2005, I served the foregoing **Proof of Service of Notice to Adverse Party and State Court of Removal of Case to Federal Court** on the interested party in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Thomas E. Frankovich, Esq.
2806 Van Ness Avenue
San Francisco, CA 94109

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing, and I deposited the foregoing envelope into the firm's mail collection system. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26th day of September 2005 at San Francisco, California.


Tameakia Robinson

GROTTA, GLASSMAN &
HOFFMAN, P.C.
388 Market Street, Suite 500, San
Francisco, CA 94111

518598

3

PROOF OF SERVICE OF NOTICE TO ADVERSE PARTY AND STATE COURT

# Complaints and Other Initiating Documents
2:05-at-01941 Wilson v. Murillo

### U.S. District Court

### Eastern District of California - Live System

Notice of Electronic Filing

The following transaction was received from Stephenson, Karen L. entered on 9/26/2005 at 12:56 PM
PDT and filed on 9/26/2005

**Case Name:**       Wilson v. Murillo
**Case Number:**     2:05-at-1941
**Filer:**           Frances Murillo
**Document Number:** 1

**Docket Text:**
NOTICE of REMOVAL *of Action under 28 USC 1441(b) (Federal Question)* from Superior Court of
Solano County, case number FCS026423., filed by Frances Murillo, Frances Murillo. (Attachments: #
(1) Exhibit Exh A tab# (2) Exhibit Exh A Complaint# (3) Exhibit Exh B tab# (4) Exhibit Exh B
Summons# (5) Exhibit Exh C tab# (6) Exhibit Exh C Answer to Complaint# (7) Civil Cover Sheet
Cover sheet)(Stephenson, Karen)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=9/26/2005] [FileNumber=635597-0]
[09d5aa68b1fcc5f28cfd281ee197834a877bf70ea4838c174937343c4f9475b63078
ea8f76c8dc02e18fd10b172c1a23444b44cc571bf519674cddff4c086c53]]
**Document description:** Exhibit Exh A tab
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=9/26/2005] [FileNumber=635597-1]
[691dd55d7278df3b4ec226cf4cd1cfbc33bb3a1ef6e3de4fa64843687ec828d57115
997acb5466bdedfc2d1d0e2f74368f5367728ea0623459d838381fff5dbf]]
**Document description:** Exhibit Exh A Complaint
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=9/26/2005] [FileNumber=635597-2]
[a399503ef9a6a7a457d5b0ef3f01b01294b054d369dccfc1a353c390d6368cd54733
16250f424741d19a675a423f7bd3181af84f56be1863eaf9db3078be08a6]]
**Document description:** Exhibit Exh B tab
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1064943537 [Date=9/26/2005] [FileNumber=635597-3]
[07ec3b4de9bc3c1cd849252f49b9f3809179f122bf9336291d987fd588d244c3d2bc
1a031228cecd559aa6432b9dca2df40db097e3ad090ab61dc03fb18b914f]]

Document description:Exhibit Exh B Summons
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1064943537 [Date=9/26/2005] [FileNumber=635597-4]
[58d9611f038c1278a283f403fe13add621aac55db10eaf87f0e38660cc341d952637
d62ace674732d3adbb8dbcc0259ac1421a3da9bbd6b201beafba7e140695]]
Document description:Exhibit Exh C tab
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1064943537 [Date=9/26/2005] [FileNumber=635597-5]
[3c43b09c1318ffb723ca665afe85b1f22c37001089d35546b5943315eb869f8d5a66
214bac5bb0939ad8dfeae1086f8a3f48c5f0df3b8afb9d3a90b0a9de3c99]]
Document description:Exhibit Exh C Answer to Complaint
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1064943537 [Date=9/26/2005] [FileNumber=635597-6]
[a640a9128985200b75739d51000c6274ea1930fc15503c5c3792559b8291e7db3622
191e3f5f89d98a4cc7ad8ae583a448a6d42734e417acc646e26935ddcaa9]]
Document description:Civil Cover Sheet Cover sheet
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1064943537 [Date=9/26/2005] [FileNumber=635597-7]
[c1a5bf381349dff278eb6e948acaeb13b5a5c0407219a11cebfb704a1575ba48150a
e5c8c1af953a07213369280a9e0aa1c725bb6f8843d9ffc99cb9d0c08278]]

**2:05-at-1941 Notice will be electronically mailed to:**

Karen L. Stephenson      stephensonk@gghlaw.com,

**2:05-at-1941 Notice will be delivered by other means to:**

Ron Wilson

,