DAVID F. FAUSTMAN, State Bar No. 081862
KAREN L. STEPHENSON, State Bar No. 205664
GROTTA, GLASSMAN & HOFFMAN, P.C.
388 Market Street, Suite 500
San Francisco, CA 94111
Telephone: (415) 296-3885
Facsimile: (415) 296-3886

Attorneys for Defendant
FRANCES MURILLO dba MURILLO'S MEXICAN FOOD

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON WILSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FRANCES MURILLO, dba MURILLO'S RESTAURANT; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:05-CV-01948-DFL-JFM<br><br>Assigned to the Honorable David F. Levi<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS PURSUANT TO FRCP 11 AGAINST RONALD S. WILSON AND THOMAS E. FRANKOVICH, JOINTLY AND SEVERALLY, IN THE AMOUNT OF $64,620.00**<br><br>[Filed and Lodged Concurrently With Supporting Declaration of Karen L. Stephenson]<br><br>**Date:** June 29, 2006<br>**Time:** 10:00 a.m.<br>**Location: Room 7**<br>        **501 "I" Street, #4-200**<br>        **Sacramento, CA 95814** |

**TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 29, 2006, at 10:00 a.m., or as soon thereafter as counsel may be heard in Room 7 of the above-entitled Court, defendant Frances Murillo, dba Murillo's Mexican Food ("Murillo"), will and hereby does move the Court for an order imposing monetary sanctions against plaintiff Ronald S. Wilson ("Wilson") and his counsel of record, Thomas E. Frankovich, A Professional Law Corporation ("Frankovich"), jointly and severally, in the amount of $64,620.00.

This motion is brought pursuant to Federal Rule of Civil Procedure ("FRCP") 11 on the grounds that Wilson and Frankovich have engaged in dilatory and abusive litigation tactics in this case by filing a baseless Complaint that alleges factually and legally unfounded claims against Murillo.

This motion will be based on this notice of motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Karen L. Stephenson, and Murillo's previously filed and herein incorporated (a) motion for summary judgment and supporting documents under FRCP 56, and (b) motion for orders (1) declaring that Wilson and Frankovich are vexatious litigants; (2) requiring Wilson to obtain leave of court before filing any new litigation under Title III of the Americans with Disabilities Act of 1990 ("ADA") in the Eastern District of California; and (3) requiring Frankovich to obtain leave of court before he can represent any plaintiff in filing claims under the ADA in the Eastern District of California.

Dated: May 9, 2006　　　　　　　　　　GROTTA GLASSMAN & HOFFMAN, P.C.

　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　KAREN L. STEPHENSON
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　FRANCES MURILLO
　　　　　　　　　　　　　　　　　　　　dba MURILLO'S MEXICAN FOOD

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On May 10, 2006, Murillo filed a motion asking this Court to exercise its inherent power under the All Writs Act, 28 U.S.C Section 1651, to declare Wilson and Frankovich vexatious litigants and to issue pre-filing orders that will rectify a pattern of abusive and predatory disability litigation that Wilson and Frankovich have instigated in the Federal Courts in California (the "Vexatious Motion"). (*See* Declaration of Karen L. Stephenson ("Stephenson Decl."), ¶ 3; Exhibit "1" to Stephenson Decl.). In the Vexatious Motion, Murillo demonstrated to the Court that this case, like the other 84 disability cases Wilson has filed in the Federal Courts in California, is yet another "shakedown" lawsuit designed to extort quick settlement money and that the Complaint in this case consists of frivolous and fabricated claims. Concurrently with the Vexatious Motion, Murillo filed a motion for summary judgment under FRCP 56 on the grounds that no genuine issues of material fact exist as to each of the claims set forth in Wilson's Complaint. (Stephenson Decl., ¶ 4; Exhibit "2" to Stephenson Decl.).

Wilson and Frankovich are guilty of the dilatory and abusive tactics that Rule 11 is expressly designed to deter. The Complaint in this case on its face alleges that Murillo's Mexican Food Restaurant in Vacaville (the "Restaurant") had and continues to have "architectural barriers." The Complaint also alleges that Murillo "retaliated" against Wilson by "refusing to serve" him and throwing him out of the Restaurant. These claims are patently frivolous. Wilson has completely abandoned his contention that this is an "architectural barrier" case. In addition, the uncontroverted evidence establishes that Wilson's "retaliation" claim is completely fabricated. Nevertheless, Wilson admits that he reviewed the Complaint and

GROTTA, GLASSMAN & HOFFMAN, P.C.
388 Market Street, Suite 500, San Francisco, CA 94111

544483
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS PURSUANT TO FRCP 11

authorized Frankovich to sign the Complaint before it was filed with this Court. Wilson and Frankovich commenced this action for the sole purpose of harassing Murillo, and presented this pleading to the Court with the knowledge that it contains allegations and other factual contentions that lack evidentiary support.

## II. ARGUMENT

Rule 11 makes every signature on a pleading, motion or other paper a "certification of merits" of the document signed and authorizes sanctions for violation of the certification. *See* FRCP 11. The signing attorney bears the burden of the certification. In addition, the signing attorney's law firm ordinarily will be viewed as jointly responsible for the signer's violation. *See* FRCP 11(c). By presenting a pleading to the Court, an attorney certifies that he or she has read the paper, and "to the best of the person's knowledge, information and belief, formed after an inquiry reasonably under the circumstances":

- It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
- The claims and other legal contentions therein are warranted by existing law;
- The allegations and other factual contentions have evidentiary support.

*See* FRCP 11(b)(1), (2) and (3).

Rule 11 is intended to deter dilatory or abusive pretrial tactics and to streamline litigation by excluding baseless filings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2454 (1990). *See also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 550, 111 S.Ct. 922 (1991) (this certification is designed to create an affirmative duty of investigation both as to law and as to fact, and thus to deter frivolous actions and costly

meritless maneuvers). Violations of Rule 11 are governed by an objective standard. A pleading violates Rule 11 if it is "frivolous, legally unreasonable or without factual foundation, even though . . . not filed in subjective bad faith." *Zaldivar v. City of Los Angeles*, 780 F. 2d 823, 831 99th Cir. 1986). The type of claim or a party's "noble motive" is irrelevant on a motion for sanctions. *See Lockary v. Kayfetz*, 974 F.2d 1166, 1170 (9th Cir. 1992) ("Status as a public interest law firm or the nature of a claim does not confer immunity from the attorneys' fees for bringing and maintaining frivolous lawsuits.").

A violation of Rule 11 authorizes the Court to impose an appropriate sanction against the attorney, law firm or party who have violated the Rule or who are responsible for the violation. *See* FRCP 11(c) (the Court may properly impose sanctions against the client and attorney jointly and severally for Rule 11 violations in papers signed by the attorney). Rule 11 expressly authorizes both monetary and non-monetary sanctions. *See* FRCP 11(c)(2). In addition to monetary sanctions, Rule 11 authorizes the Court to dismiss a complaint and to enter an order prohibiting a litigant (particularly a vexatious litigant) from filing further lawsuits without leave of court. *Schramek v. Jones*, 161 FRD 119, 122 (M.D. Fla. 1995); *see also Visser v. Supreme Court of California*, 919 F. 2d 113, 114 (9th Cir. 1990).

Like all of Wilson's complaints, the Complaint in this case alleges that this is an "architectural barrier" case:

- "the ***existence of architectural barriers*** at defendants' place of public accommodation evidence 'actual notice' of defendants' intent not to comply with the [ADA]";

- Defendants' "***failure to remove the architectural barriers*** complained of herein

created, . . . continued to create continuous and repeated exposure to substantially the same *general harmful conditions* . . .";

- "The *removal of barriers complained of by plaintiff* . . . was . . . 'readily achievable'";
- Defendants have "carried out a course of conduct of refusing to respond to, or *correct complaints* about, *denial of handicap access* and have *refused to comply* with their legal obligations to make MURILLO'S RESTAURANT accessible";
- Defendants' "past refusals on a day-to-day basis to *remove the barriers complained of herein* evidence despicable conduct . . . ";
- "Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff*s are persons or an entity* that represents persons with physical disabilities and unable, *because of the architectural barriers created and maintained by the defendants in violation of the subject laws*, to use the public facilities hereinabove described on a full and equal basis as other persons";
- Plaintiff seeks "*injunctive relief*, compelling [Murillo] to make Murillo's Restaurant . . . *readily accessible to and usable by* individuals with disabilities, per state law."

(S*ee* Complaint, ¶¶ 7, 38, 39, 40, 42, 48, 49, 50, 51, 62, 65 and Prayer) (emphasis added).

Although the Complaint in this case **on its face** alleges that the Restaurant had and continues to have "architectural barriers" and seeks injunctive relief to require Murillo to remove those alleged existing barriers at the Restaurant, Wilson amazingly disclaimed that this case has

GROTTA, GLASSMAN & HOFFMAN, P.C.
388 Market Street, Suite 500, San Francisco, CA 94111

anything to do with disability access or architectural barriers. As set forth in detail in the Vexatious Motion, in his deposition Wilson was instructed by his attorney, Frankovich, not to explain his position. (*See* Vexatious Motion, p. 37). When asked whether he could articulate the injunctive relief he is seeking, Wilson said "Not at this time." (*See Id.*). Frankovich then instructed Wilson not to answer questions about the supposed injunctive relief he is seeking. (*Id.*).

The only claim Wilson has not abandoned in this case is a supposed "retaliation" claim that is belied by the uncontroverted evidence before the Court. Wilson asserts that Murillo denied him service and had him removed from the Restaurant because Wilson had exercised his right to complain about "barriers" at the Restaurant. (*See* Complaint, ¶¶ 28, 36, 50). As described in detail in Murillo's motion for summary judgment, this "retaliation" claim is a complete fabrication. The videotape from a surveillance camera clearly refutes Wilson's claim.[1] The tape shows that on March 11, 2005, Wilson and a friend came to the Restaurant and sat at the lowered (*i.e.*, ADA compliant) section of the bar. After years of putting up with covert visits to the Restaurant during which Wilson photographed and measured portions of the Restaurant and sent threatening letters, Murillo felt harassed. She knew that Wilson was not there as a "patron." Wilson and Murillo exchanged words.

Wilson claims that he was then "denied service" and "thrown out" of the Restaurant. That claim, however, is completely belied by the uncontroverted surveillance video that shows (1) Wilson and his friend were served drinks and chips at the bar, (2) Wilson talked with Murillo,

---

[1] The surveillance tape is before the Court as an exhibit to Murillo's Motion for Summary Judgment, Or In The Alternative, For Partial Summary Judgment.

544483
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS PURSUANT TO
FRCP 11

(3) Wilson and his friend finished their drinks and emptied the chip basket, (4) Wilson and his friend left the bar area and their empty dishes were removed.

### III. CONCLUSION

Wilson and Frankovich knowingly filed a frivolous lawsuit against Murillo. This conduct runs afoul of both the letter and spirit of FRCP 11. Murillo respectfully requests that the Court grant her motion and issue an order awarding sanctions against Wilson and Frankovich, jointly and severally, in the amount of $64,620.00.

Dated: May 9, 2006          GROTTA GLASSMAN & HOFFMAN, P.C.

By _____
KAREN L. STEPHENSON
Attorneys for Defendant
FRANCES MURILLO
dba MURILLO'S MEXICAN FOOD

GROTTA, GLASSMAN & HOFFMAN, P.C.
388 Market Street, Suite 500, San Francisco, CA 94111

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action; my business address is 388 Market Street, San Francisco, California 94111.

On May 10, 2006 I served the foregoing **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR MONETARY SANCTIONS PURSUANT TO FRCP 11 AGAINST RONALD S. WILSON AND THOMAS E. FRANKOVICH, JOINTLY AND SEVERALLY, IN THE AMOUNT OF $64,620.00** on the interested party in this action by placing true copies thereof enclosed in sealed envelope addressed as follows:

Thomas E. Frankovich, Esq.　　　　　　　　　Attorney for Plaintiff
Thomas E. Frankovich, APLC　　　　　　　　　Ron Wilson
2806 Van Ness Avenue
San Francisco, CA 94109

**PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of May 2006 at San Francisco, California.

　　　　　　　　　　　　　　　　　　　　　Karen Stephenson