THOMAS E. FRANKOVICH (State Bar No. 074414)
JENNIFER L. STENEBERG (State Bar No. 202985)
JULIA M. ADAMS (State Bar No. 230795)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600
Facsimile: 415/674-9900

Attorneys for Plaintiff RON WILSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RON WILSON, an individual,

    Plaintiff,

v.

FRANCES MURILLO, dba MURILLO'S RESTAURANT,

    Defendant.

CASE NO. CV 05-1948 DFL JFM

**DECLARATION OF THOMAS E. FRANKOVICH IN RESPONSE TO COURT'S ORDER TO CLARIFY WHETHER PLAINTIFF INTENDS TO SEEK INJUNCTIVE STANDING**

    I, THOMAS E. FRANKOVICH, declare that I am the attorney of record for plaintiff Ron Wilson and if called upon to testify and duly sworn, I would and could competently testify to the following based upon my own personal knowledge:

    1. That the nexus of the Complaint are two causes of action under California Civil Code §§ 51, 54, 54.1 and 54.3, clearly setting forth that plaintiff Ron Wilson's causes of action are based upon "retaliation" by defendant Frances Murillo in attempting to have plaintiff Ron Wilson removed from her restaurant by two police officers of the Vacaville Police Department because Ron Wilson had inspected her restaurant and written letters to her and the Building Department of the City of Vacaville requesting that the architectural barriers existing at the restaurant be removed.

///

2. Ron Wilson engaged in "<u>letter writing</u>." Ron Wilson did not and does not seek injunctive relief for the removal of architectural barriers in this lawsuit. The Preliminary Factual Allegations in the Complaint state that at the time of filing the subject Complaint, some barriers still existed and that plaintiff asked defendant to "voluntarily" remove them.

3. This is purely a retaliation case. If the defendant read the Complaint that is the only conclusion that a lawyer or the Court could make. That's why there is no cause of action under the Americans with Disabilities Act.

4. This case should never have been removed by the defendant from the Superior Court in the first place. Seeking removal was just a poorly conceived, though thought out attempt by defendant to get some sort of a tactical advantage, which I dare say, based upon defendant's motion to deem Ron Wilson and Thomas E. Frankovich vexatious litigants, was solely based on the *Molski v. Mandarin Touch* Order by Judge Edward Rafeedie.

5. In any event, plaintiff Ron Wilson seeks only damages, attorney fees and costs from defendant for defendant's retaliatory actions because Ron Wilson dared to exercise his civil rights, primarily by writing letters and presenting himself, as does the public routinely, in Murillo's Mexican Restaurant.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 19th day of May, 2006, at San Francisco, California.

By: /s/ Thomas E. Frankovich
     Thomas E. Frankovich