IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RON WILSON,

     Plaintiff,

     v.

FRANCES MURILLO, dba MURILLO'S
RESTAURANT; and DOES 1-10,
inclusive,

     Defendants.

CIV-S-05-1948 DFL JFM

MEMORANDUM OF OPINION
AND ORDER

On December 13, 2005, and again on May 18, 2006, the court questioned whether it had subject matter jurisdiction over this case and asked for further briefing from the parties.  (See Order 12/13/2005; Order 5/18/2006.)  Defendant Frances Murillo, dba Murillo's Restaurant ("Murillo") argues that plaintiff Ron Wilson ("Wilson") has raised a claim for a violation of the ADA. (Objection to Minute Order at 3 (citing Compl. ¶ 54).)  Wilson denies that he brings federal claims.  (See Frankovich Decl. ¶¶ 2-3.)

Wilson's complaint does not, on its face, state a claim for

1

a violation of the ADA.  He raises two state causes of action:
(1) violation of California Civil Code §§ 54, 54.1, and 54.3; and
(2) violation of California Civil Code § 51, *et seq.*  While
Wilson mentions the ADA, and related regulations, a number of
times in the complaint, he only does so to establish violations
of California statutes.  <u>See</u> Cal.Civ.Proc.Code § 54.1(d) ("A
violation of the right of an individual under the Americans with
Disabilities Act of 1990 . . . also constitutes a violation of
this section, and nothing in this section shall be construed to
limit the access of any person in violation of that act.").
These references to the ADA do not grant the court jurisdiction
because "[f]ederal-question jurisdiction over a state-law claim
is not created just because a violation of federal law is an
element of the state law claim."  <u>Wander v. Kaus</u>, 304 F.3d 856,
859 (9th Cir. 2002).

Even if Wilson's references to the ADA could be interpreted
as stating a claim under the ADA, he has specifically denied that
he brings a federal claim.[1]  (<u>See</u> Frankovich Decl. ¶¶ 2-3.)  The
court construes that denial as a concession of any federal claims

---

[1] Although Wilson generally mentions the ADA to establish
violations of California state law, twice he makes an
inconsistent allegation.  First, he states "plaintiffs [sic] seek
relief pursuant to remedies set forth in § 204(a) of the Civil
Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to
federal regulations adopted to implement the Americans with
Disabilities Act of 1990 and states codes."  (Compl. ¶ 54.)
Second, he states "[p]laintiff accordingly incorporates the
entirety of his above cause of action for violation of the
Americans With Disabilities Act at § 63 *et seq.*, as if replead
herein."  (Compl. ¶ 67.)  These allegations are inconsistent with
the rest of the complaint.

that Wilson may have raised.  Therefore, the court dismisses

Wilson's federal claims, if any, with prejudice and declines

supplemental jurisdiction over the remaining state law claims.

See 28 U.S.C. § 1367(c)(1) (the district court may decline to

exercise supplemental jurisdiction if the claim raises a novel or

complex issue of state law); Molski v. Mandarin Touch Restaurant,

359 F.Supp.2d 924, 936 (C.D. Cal. 2005) (finding that the law for

recovering damages under state disability statutes is poorly

defined).  The state law claims are remanded to the Solano County

Superior Court.

IT IS SO ORDERED.

Dated: May 26, 2006

                              /s/ David F. Levi
                              DAVID F. LEVI
                              United States District Judge